BOROUGH OF EDGEWATER, PROSECUTOR-APPELLANT, v.
NANCY COX ET AL., DEFENDANTS-RESPONDENTS.

Argued May 19, 1939—Decided September 22, 1939.

For the prosecutor-appellant, *Milton T. Lasher.*

For the defendant-respondent Nancy Cox, *Crawford Jamieson* (*Oscar R. Wilensky,* of counsel), and *Samuel Slaff* (of the New York bar).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE.   The borough of Edgewater appeals from a judgment of the Supreme Court which dismissed a writ of *certiorari* directed to an order made by the Supreme Court on *habeas corpus* setting aside the conviction of one Nancy Cox for violating an ordinance of that municipality.   Complaint was made (although no copy of it appears in the record) against Nancy Cox for violating sections 2 and 5 of an ordinance of the borough of Edgewater, entitled, "An ordinance regulating   *   *   *   the distribution of printed matter," &c.   Section 2 of the ordinance reads as follows:

"No person shall distribute or cause to be distributed in any street or public place, any newspaper, book, magazine, or other printed matter of a non-commercial character containing matter of public interest, in the Borough of Edgewater,

without a permit for that purpose first had and obtained in the manner provided in Section 5 of this Ordinance."

\*       \*       \*       \*       \*       \*       \*

Section 5 reads: "Any person desiring a permit under this Ordinance shall register with the Police Department and shall fill out such registration form as shall from time to time be prescribed by resolution of the Mayor and Council. At the time of filing such registration form, the applicant shall be photographed and fingerprinted. The records of his photograph and fingerprints shall remain permanently with the Police Department, and copies thereof may be forwarded to such county, state and federal police agencies as shall be by law authorized to receive them. The fee for registration shall be fifty cents. Such registration shall remain in force for one year from the date thereof and may be renewed by filing the necessary registration form and paying the prescribed fee. No person convicted of a crime or of ill repute shall be registered under this Ordinance. When an applicant for a permit has registered, the necessary permit shall be issued by the Chief of Police, without charge, within seventy-two hours after application. Each permit to distribute printed matter shall restrict distribution to a particular and specified circular, card, pamphlet or other printed subject and shall expire three days after the issuance thereof. Each permit to canvass, solicit or call from house to house shall be restricted to a specified purpose and shall expire three days after the issuance thereof. The said registration may be revoked for any false statement by the registrant in his application, or upon his conviction of any crime, or for the violation of this Ordinance, or of any reasonable regulation of the Police Department in connection therewith. Residents of the Borough of Edgewater who shall prefer not to have printed matter delivered to their homes or to have solicitors or canvassers call may notify the Police Department to that effect, and thereafter lists of the addresses of such persons shall be furnished to applicants for permits under this Ordinance, and to that extent permits issued hereunder shall be restricted. Any violation of this provision shall be ground for revocation of the violator's registration."

Miss Cox was convicted of violating both these sections by the recorder of the borough, was fined $5, and for failure to pay the fine was committed to the common jail in Bergen county for a period of one day. Mr. Justice Bodine allowed a writ of *habeas corpus* and, after a hearing, concluded that the case was controlled by *Coughlin* v. *Sullivan*, 100 *N. J. L.* 42, and set the conviction aside. *Certiorari* was allowed to review his judgment. The Supreme Court sustained the judgment under review, holding that *Coughlin* v. *Sullivan*, *supra*, and *Lovell* v. *Griffin*, 303 *U. S.* 444, were controlling. We are in accord with the view expressed by the Supreme Court.

Much of what has been said in the Lovell case, *supra*, wherein the facts were quite similar, is applicable to the issue before us. The ordinance, in our judgment, is invalid on its face, interfering as it does with freedom of the press by regulations which restrict such freedom. The first amendment to our Federal Constitution provides, among other things, that the Congress shall make no law abridging freedom of speech or of the press. These rights are further safeguarded by the Fourteenth Amendment to the Federal Constitution which enjoins that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. The right asserted by Miss Cox is guaranteed by the first amendment and the exercise of that right may not be invaded by statute or by the local law of any municipality by virtue of the Fourteenth Amendment. If freedom of the press may not, under our fundamental law, be abridged, it follows that any ordinance or statute, accomplishing that purpose, as such, is invalid.

The fifth section of the ordinance requires that an applicant desiring such permit shall register with the police department, be photographed and fingerprinted, pay a fee for registration, and that no criminal or person of ill repute shall be so registered. Just who is to determine when or how an applicant shall be considered a person of ill repute, or by what norm such a conclusion may be reached, does not appear in the ordinance. The authority to grant such permits is lodged with the chief of police and it is plain that it would

lie in his power to refuse a permit arbitrarily on the ground that in his judgment the applicant bore a bad reputation. A regulation of this kind has no legal force and cannot be sanctioned. This and other restrictions imposed by the fifth section of the ordinance, *e. g.,* revocation of license for violation of "any reasonable regulation of the police department" in connection therewith, are so vague and indefinite and so at variance with the rights conferred upon the individual by law that no plausible argument can be made to support them. In a word, the regulations, if carried out strictly, amount to such a hindrance to freedom of the press as to be almost a denial thereof.

None of the other points in either brief requires any further discussion.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.